Keating, J. (dissenting).
The defendant, a public official of Long Beach, Nassau County, was indicted in New York County for the crime of taking unlawful fees in violation of section 1826 of the Penal Law,
*707 It appears from the Grand Jury minutes that, in preparation for and in furtherance of the alleged criminal scheme, defendant had a corporation formed to license the manufacture and distribution of a nonexistent cigarette lighter, Payments for the license, destined for the defendant, would be concealed by means of this dummy corporation. The licensing agreement, signed by two innocent officers of the dummy corporation, was made in New York County, and the certificates of incorporation and dissolution were also signed in New York County.
These acts were clearly “ acts * * * constituting, or requisite to the consummation of the offense” (Code Grim. Pro., § 134), and thus jurisdiction properly rested in New York County. This conclusion is obvious from the fact that jurisdiction, under section 134, is placed either in the county where acts requisite to the crime occur or where acts constituting the crime occur. If both expressions are to be given meaning, it is apparent that both the legal crime and the factual crime are contemplated as places having jurisdiction. The fact that the crime could take place without this conduct in New York County is irrelevant. The gravaman of defendant’s alleged crime is his conduct in his capacity as a public officer — and anything done in furtherance of that offense is an integral part of the acts constituting the crime.
The order of the Appellate Division should, therefore, be affirmed.
Order reversed, etc.